Scott Alan Burroughs (SBN 235718)
scott@donigerlawfirm.com
Andres Navarro (SBN 358499)
anavarro@donigerlawfirm.com
DONIGER / BURROUGHS
603 Rose Avenue
Venice California 90291
Telephone: (310) 590-1820
Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Franck Slama, an individual, | Case No. |
| Plaintiff, | COMPLAINT FOR |
| v. | <u>Jury Trial Demanded</u> |
| Julien Entertainment.com, Inc., a California corporation; Julien's Global Enterprises, Inc., a Delaware limited liability company; DOES 1-10, | |
| Defendants. | |

Plaintiff, Franck Slama, professionally known as "Invader" ("Invader"), by and through his undersigned attorneys, hereby prays to this honorable Court for relief based on the following:

## JURISDICTION AND VENUE

1.    This action arises under the Copyright Act of 1976, 17 U.S.C. § 101, *et seq*.

2.    This Court has federal question jurisdiction under 28 U.S.C. §§ 1331, 1338(a)-(b).

3.      Venue in this judicial district is proper under 28 U.S.C. §§ 1391(c) and 1400(a) because this is the judicial district in which a substantial part of the acts and omissions giving rise to the claims occurred.

## **PARTIES**

3.      Invader is an individual residing in France.

4.      Upon information and belief, Defendant Julien's Global Enterprises, LLC, doing business as "Julien's Auctions" is a Delaware limited liability company doing business in and with the state of California, including through its principal address at 13007 S. Western Ave., Gardena, California 90249.

5.      Upon information and belief, Defendant Julien Entertainment.com, Inc. is a California corporation doing business in and with this district (collectively with Julien's Global Enterprises, LLC, "Julien's")

6.      Upon information and belief, Defendants DOES 1-10 ("Doe Defendants") (collectively Julien's, "Defendants") are other parties not yet identified, including without limitation the parties responsible for removing and absconding with the artworks at issue without Invader's consent and consigning them to Julien's, who have infringed Invader's copyrights and committed torts against Invader. The true names, whether corporate, individual, or otherwise, of Doe Defendants are presently unknown to Invader, which therefore sues said Doe Defendants by such fictitious names and will seek leave to amend this Complaint to show their true names and capacities when same have been ascertained.

7.      Upon information and belief, Invader alleges that each of the Defendants was the agent, affiliate, officer, director, manager, principal, alter-ego, and/or employee of the remaining Defendants, and was at all times acting within the scope of such agency, affiliation, alter-ego relationship, and/or employment; and actively participated in, subsequently ratified, and/or adopted each of the acts or conduct alleged, with full knowledge of each violation of Invader's rights and the damages to Invader proximately caused thereby.

## CLAIMS RELATED TO INVADER'S ARTWORK

8.    Invader is a professional artist specializing in the creation and installation of visual works that Invader created with ceramic tiles, employing a fanciful, pixelated aesthetic to create mosaics embodying characters and other motifs. He holds degrees from Beaux-arts de Paris and la Sorbonne University. For over two decades his works have been internationally exhibited in museums and galleries all over the world including in the New York, Los Angeles, France, Japan, Hong Kong, Germany, the United Kingdom, Italy, and more.

10.    Since 1998, Invader has developed a large-scale global project dubbed "Space Invaders," in which Invader installs tile mosaics in carefully chosen urban spaces all over the world for the public to see and enjoy as part of an art "invasion."  To date, Space Invaders has encompassed more than 4,000 total artworks installed in 87 different countries and territories, including one taken aboard the International Space Station. Every artwork in the project is unique.

11.    Invader catalogues each and every artwork installed as part of Space Invaders and provides physical and digital maps to the public identifying each work and their location so all can readily enjoy the works.

12.    The Space Invaders project has received extensive and highly positive coverage in the press and on social media, and Invader and his works were featured in the 2010 street art documentary "Exit Through the Gift Shop."

13.    In connection with the Space Invaders project, distributes official replicas of the Space Invaders works called "Aliases." Invader sells a single Alias for each unique artwork included in Space Invaders. Invader's works regularly sell for six-figure sums.

13.    Invader and his work have received a wide level of international recognition, and he has even been commissioned to create and install artworks in numerous high profile public locations including mosaics in Osaka, Paris, Miami, Vienna, and more as well as at numerous art museums.

14.    As part of Space Invaders, Invader created and installed the following 13 original tile mosaics ("Invader Artworks"), depicted below in situ:

| Title and Location: | Images of Invader Artworks: |
| --- | --- |
| **TK_105,**<br><br>**originally installed at 150-0042 Tokyo, Shibuya, Udagawacho, 19, Japan, on May 14, 2014.** |  |
| **TK_136,**<br><br>**originally installed at 2 Chome-13-4 Sangenjaya Setagaya City, Tokyo 154-0024 Japan, on May 26, 2014.** |  |

| **BAB_51**<br><br>**originally installed at Bd du Prince de Galles, 64200 Biarritz, France, on November 14, 2024.** |  |
| **BAB_41**<br><br>**originally installed at Escaliers de la plage du Port Vieux, 64200 Biarritz, France, on November 13, 2024.** |  |

| | |
|---|---|
| **BAB_06**<br><br>**originally installed at Allée Winston Churchill, 64200 Biarritz, France, on November 8, 2024.** |  |
| **BAB_54**<br><br>**originally installed at Plage de l'Uhabia, 64210 Bidart, France on November 15, 2024.** |  |

| | |
|---|---|
| **BAB_50**<br><br>**originally installed at Feu de la Jetée Sud, Anglet, France, on November 14, 2024.** |  |
| **PA_609**<br><br>**originally installed at 33 Bd de la Chapelle 75010 Paris, France on August 16, 2005.** |  |



| **PA_710**<br><br>**originally installed at 7 rue lesdiguieres, 75004 Paris, France, on February 4, 2007.** |  |
| --- | --- |
| **PA_532**<br><br>**originally installed at 111 rue d'oberkampf , 75011 Paris, France, on December 28, 2003** |  |

8
COMPLAINT

| | |
|---|---|
| **PA_398**<br><br>**originally installed at 1 pont Morland, 75004 Paris, France, on April 1, 2001.** |  |
| **PA_482**<br><br>**originally installed at Bibliotheque Historique de la Ville de Paris, 24 rue pavée, 75004 Paris, France, on May 15, 2002.** |  |
| **PA_355**<br><br>**originally installed at 4 rue de la grande truanderie, 75011 Paris, France, on October 29, 2000.** |  |

15. At some time following installation, the above Invader Artwork were stolen from their places of installation without Invaders knowledge or consent and in such a manner that each of the works appear have been noticeably damaged, mutilated, or distorted.

16. On information and belief, Julien's is an auction house focusing on sales of art and celebrity ephemera for hundreds of thousands or even millions of dollars.

17. Julien's has previously been accused of selling stolen property at auction.

18. Julien's has now, directly or indirectly, acquired the Invader Artworks and is now offering them for sale and distribution in Julien's "Street Art: Paint & Pavement" auction, which is scheduled to begin on September 25, in Los Angeles, California (the "Auction").

19. As part of the Auction, Julien's reproduced and is publicly displaying the Invader Artworks on its website, *www.juliensauctions.com*, to advertise the works for sale through the Auction as Lots 1 through 15 ("Infringing Lots"). True and correct screen captures of the Infringing Lots as they are being offered for sale on Julien's website are depicted below:

///
///
///
///
///
///
///
///
///
///



COMPLAINT



COMPLAINT



COMPLAINT

7



8

COMPLAINT

9

10



COMPLAINT

11



12

COMPLAINT

13



14

COMPLAINT

15



20.     At no point did Julien's or any of its consignees ever seek or receive Invader's authorization or consent to take the Invader Artworks from their original locations or their offer for sale and sale at the Auction.

21.     Julien's is aware that Invader is the author of the Invader Artworks and identifies Invader as the artist of each work on the online listing for each Infringing Lot.

22.     Invader has never sold or other authorized the transfer of the Invader Artworks to anyone and remains the sole author and owner of all the works and the copyrights therein.

23.     Invader lives in France and created and first published the Invader Artworks in France and Japan as set forth above, both of which are signatories to the Berne Convention. None of the Invader Artworks were simultaneously published in the United States.

24.     As such, the Invader Artworks are not "United States Works" as defined by the Copyright Act and are not subject to the registration requirements of 17 U.S.C. § 411.

25.     On September 18, 2025, Invader, through counsel, sent a letter to the law firm representing Julien's, demanding that the Invader Artworks be removed from the Auction and returned to Invader. Julien's and its counsel both failed to respond and are continuing with the sale, necessitating this action.

26.     Invader has previously advised Julien's not to take his artworks without authorization or to sell them at auction without his authorization or consent, but Julien's has continued to either take or accept unlawfully taken Invader artworks and sell them without Invader's knowledge or consent.

## FIRST CLAIM FOR RELIEF

### (For Copyright Infringement – Against All Defendants, and Each)

27.     Invader incorporates by reference the preceding paragraphs of this Complaint.

28.     Upon information and belief, Defendants had access to the Invader Artworks, their installation in public places and identification in Invader's cataloguing materials and online features. Defendants' access is further evidenced by their admission that the Infringing Lots are the Invader Artworks in the listing for each Infringing Lot.

29.     Upon information and belief, Defendants copied, stored, distributed, displayed, and/or otherwise exploited the Invader Artworks including without limitation through Doe Defendants' distribution of the Invader Artworks to Julien's and through Julien's reproduction and display of the Invader Artworks on its website in the auction listings for the Infringing Lots, and through the creation of unlawful derivative works of the Invader Artworks by removing same from its original context and modifying or altering same for sale as the Infringing Lots including without limitation by breaking BAB_50 into three segments to be sold as

three separate Infringing Lots and by modifying PA_532 by mounting it on an acrylic base.

30.    Due to Defendants' acts of copyright infringement, Invader has suffered damages to be established at trial.

31.    Due to Defendants' acts of copyright infringement, Defendants have obtained profits they would not have realized but for their infringement of Invader's copyrights in the Invader Artworks. As such, Invader is entitled to disgorgement of Defendants' profits attributable to the infringement of Invader's copyrights in the Invader Artworks, in an amount to be established at trial.

32.    Upon information and belief, Invader alleges that Defendants committed copyright infringement with actual or constructive knowledge of, or in reckless disregard or willful blindness for, Invader's copyrights in the Invader Artworks, such that said acts of copyright infringement were willful.

**<u>SECOND CLAIM FOR RELIEF</u>**

**(For Vicarious and/or Contributory Copyright Infringement – Against all Defendants, and Each)**

33.    Invader repeats, re-alleges, and incorporates herein by reference as though fully set forth, the allegations contained in the preceding paragraphs.

34.    Upon information and belief, Invader alleges that Defendants knowingly induced, participated in, aided and abetted in and profited from the illegal reproduction and distribution of the Invader Artworks as alleged hereinabove. Such conduct included, without limitation, Doe Defendants' distribution of the Invader Artworks to Julien's or other third parties.

35.    Upon information and belief, Invader alleges that Defendants, and each of them, are vicariously liable for the infringement alleged herein because they had the right and ability to supervise the infringing conduct and because they had a direct financial interest in the infringing conduct. Specifically, Defendants, and each of them, received a commercial benefit from advertising and displaying the Invader

Artworks as the Infringing Lots to incite bids for and to otherwise promote the Auction.

36.     By reason of the Defendants', and each of their, acts of contributory and vicarious infringement as alleged above, Invader has suffered general and special damages in an amount to be established at trial.

37.     Due to Defendants', and each of their, acts of copyright infringement as alleged herein, Defendants, and each of them, have obtained direct and indirect profits they would not otherwise have realized but for their infringement of Invader's rights in the Invader Artworks. As such, Invader is entitled to disgorgement of Defendants' profits directly and indirectly attributable to Defendants' infringement of his rights in the Invader Artworks, in an amount to be established at trial.

## THIRD CLAIM OF RELIEF

**(For Violations of the Visual Artists' Rights Act (17 U.S.C. § 106A) – against all Defendants, and each of them)**

39.     Invader repeats, re-alleges, and incorporates herein by reference as though fully set forth, the allegations contained in the preceding paragraphs.

40.     Invader is the author of each of the Invader Artworks, which are works of visual art, originally located at the addresses set forth above.

41.     Invader owns all rights, title, and interest in and to the Invader Artworks.

42.     On information and belief, Invader alleges that the Invader Artworks are works of recognized public stature by virtue of their international recognition and media coverage.

43.     On information and belief, Defendants, and each of them, altered, distorted, deformed, mutilated, modified, or defaced the Invader Artworks including by removing them from their original locations in a manner that caused visible damages to each work, and modifying or altering the work for display as the

Infringing Lots, including breaking BAB_50 into multiple pieces, in violation of the Visual Artists' Rights Act, codified at 17 U.S.C. § 106A ("VARA").

44.     On information and belief, Invader alleges that the purpose of VARA is to protect two moral rights of artists—the rights of "integrity" and "attribution" and it allows him to prevent the (1) removal of his attribution information from his work and the (2) alteration, modification, distortion, deformation, and/or mutilation of his work.

45.     On information and belief, Invader alleges that Defendants, and each of them, as alleged herein intentionally committed, or authorized the intentional commission of, the physical defacement, mutilation, alteration, or destruction of the Invader Artworks in a manner that is injurious to Invader's honor, integrity, and position in the industry.

46.     On information and belief Invader alleges that the aforementioned modifications or alterations to the Invader Artworks were the result of at least gross negligence.

47.     Each of the Invader Artworks is removable from the public building or location on which it was installed in a manner that would not inherently result in the destruction or mutilation of the work.

48.     On information and belief Invader alleges that the above acts were committed intentionally, willfully, recklessly, and/or in a grossly negligent manner. Defendants' desecration, distortion, mutilation and destruction of the Invader Artworks is the actual and proximate cause of injury and prejudice to Invader's federally protected rights of integrity.

49.     Invader has been damaged by the above acts and seeks actual damages, disgorgeable profits, statutory damages, costs and attorneys' fees in an amount to be set at trial and through post-trial motions.

## FOURTH CLAIM OF RELIEF

### (For Theft – against all Defendants, and each of them)

50.    Invader repeats, re-alleges, and incorporates herein by reference as though fully set forth, the allegations contained in the preceding paragraphs.

51.    On information and belief, Invader alleges that the Invader Artworks were stolen or otherwise obtained in a manner constituting theft when they were taken from the carefully selected location Invader installed them in and catalogued as their known locations for viewers of his art to locate and view without Invader's authorization or consent.

52.    On information and belief, Invader alleges that Defendants, and each of them, knew the Invader Artworks were so stolen or unlawfully obtained as they were aware that Invader was the author and owner of the works and that neither Julien's nor its consigners had ever bought or otherwise lawfully been transferred the works from Invader.

53.    On information and belief, Invader alleges that Defendants, and each of them, received and had/have possession of the stolen Invader Artworks as evidenced by their inclusion in the Auction where they are currently held by Julien's and were held by its consignors.

54.    Defendants, and each of them, have plainly displayed an intent to permanently deprive Invader of the Invader Artworks as they intend to sell and distribute the works to new owners at the Auction.

55.    The above constitutes theft in violation of California law, and as a result of Defendants' theft Invader has suffered general and special damages in an amount to be determined at trial, and further Invader seeks the return of his stolen property.

## FIFTH CLAIM OF RELIEF

**(For Conversion – against all Defendants, and each of them)**

56.    Invader repeats, re-alleges, and incorporates herein by reference as though fully set forth, the allegations contained in the preceding paragraphs.

57.    Invader is and has been the owner of all rights, title, and interest in and to the Invader Artworks, including the right to the possession of the works, since the creation of each work and to the present day.

58.    On information and belief, Defendants, and each of them, unlawfully interfered with Invader's rights in and to the Invader Artworks and otherwise disposed him of same by asserting possession or control over the Invader Artworks including without limitation by stealing the Invader Artworks from the original locations at which Invader placed each of them, providing them to Julien's for sale and distribution, and refusing to the return the Invader Artworks upon Invader's demand for same.

59.    The above constitutes the unlawful conversion of Invader's property.

60.    As of filing, Invader has been permanently deprived of his right and ability to enjoy the Invader Artworks by Defendnats' acts of conversion.

61.    As a result of Defendants' conversion, Invader has suffered damages and incurred time and expense in pursuing the converted property and is entitled to recover the stolen property or its fair market value, plus interest, and compensation for the aforementioned time and expense incurred.

## **PRAYER FOR RELIEF**

Wherefore, Plaintiff prays for judgment as follows:

a.    That Defendants, each of them, their respective agents, and anyone working in concert with Defendants and/or their agents, be enjoined from using the Invader Artworks in a manner that infringes Invader's copyrights in the same;

b.    An order preliminarily and permanently enjoining Defendants and their officers, agents, affiliates, employees, and attorneys and all those persons acting or attempting to act in concert or participation with them, from offering for sale, selling, or otherwise distributing the Invader Artworks;

COMPLAINT

c.  That a constructive trust be entered over the Invader Artworks at the outset of this action only to be dissolved upon final judgment or other resolution of this dispute;

d.  A declaratory judgment that Invader is the sole lawful owner of all right, title, and interest in and to the Invader Artworks;

e.  An order compelling Defendants to immediately return the Invader Artworks to Invader, with Defendants to bear sole responsibility for all costs and fees incurred in the process of safely and timely delivering the Invader Artworks to Invader;

f.  That Plaintiff be awarded all Defendants' profits, plus all Invader's losses, attributable to Defendants' infringement of Invader's copyrights in the Invader Artworks, the exact sum to be proven at trial;

g.  That a constructive trust be entered over any revenues or other proceeds realized by Defendants, and each of them, through their infringement of Invader's intellectual property rights;

h.  That Invader be awarded his costs and attorneys' fees to the extent available under the Copyright Act U.S.C. § 505;

i.  That Invader be awarded punitive, statutory, and enhanced damages to the extent available;

j.  That Invader be awarded pre-judgment interest as allowed; and

k.  That Invader be awarded such further relief as this Court finds proper.

## **JURY DEMAND**

Invader demands a jury trial on all issues so triable pursuant to Fed. R. Civ. P. 38 and the 7th Amendment to the United States Constitution.

Dated: September 24, 2025                    DONIGER / BURROUGHS


                                    By:    */s/ Scott Alan Burroughs*
                                           Scott Alan Burroughs, Esq.
                                           Andres Navarro, Esq.
                                           *Attorneys for Plaintiff*

COMPLAINT